2007R00804

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Honorable |
| *Plaintiff,* | : | Crim No. 12-47 (NLH) |
| v. | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE |
| NASIR NAJJAR | : | |
| *Defendant.* | : | |

**WHEREAS**, on or about Jan. 23, 2012, the United States is scheduled to file an Information against the Defendant, Nasri Najjar (the "Defendant"), charging him with knowingly and intentionally trafficking and attempting to traffic in goods and knowingly using a counterfeit mark on and in connection with such goods, to include True Religion jeans and Polo shirts, in violation of Title 18, United States Code, Sections 2320 and 2; and

**WHEREAS**, on or about Jan 23, 2012, the Defendant is scheduled to plead guilty to the Information; and

**WHEREAS**, pursuant to Title 18, United States Code, Section 2323(b)(1), a person convicted of an offense in violation of Title 18, United States Code, Sections 2320 and 2 shall forfeit to the United States any article, the making or trafficking of which is prohibited under Title 18, United States Code, Sections 2320 and 2; and

**WHEREAS**, pursuant to the plea agreement the Defendant agreed to forfeit the following property to the United States:

1. 173 pairs of counterfeit True Religion jeans;
2. 25 pairs of counterfeit Ed Hardy jeans;
3. 68 pairs of counterfeit Rock & Republic jeans;
4. 12 pairs of counterfeit of Laguna Beach jeans;
5. 57 pairs of counterfeit Robin's jeans;
6. 17 pairs of counterfeit MEK jeans;
7. 26 pairs of counterfeit Dolce & Gabbana jeans;
8. 10 pairs of counterfeit GF Ferre jeans;
9. 71 pairs of counterfeit of Diesel jeans;
10. 10 pairs of counterfeit Versace jeans;
11. 18 pairs of counterfeit Armani jeans;
12. 20 pairs of counterfeit Just Cavalli jeans;
13. 20 pairs of counterfeit 7 For All Mankind jeans;
14. 100 pairs of counterfeit Rocawear jeans;
15. 200 counterfeit LaCoste shirts;
16. 41 counterfeit Ed Hardy shirts;
17. 311 counterfeit Polo shirts;
18. 56 counterfeit Gucci shirts;
19. 24 counterfeit D&G shirts;
20. 15 counterfeit Christian Audigier shirts;
21. 37 counterfeit Affliction shirts;
22. 48 counterfeit SMET by Christian Audigier shirts;
23. 347 counterfeit NFL jerseys;
24. 5 counterfeit Enyce fleece sets;
25. 209 counterfeit North Face jackets;

26. 96 counterfeit Christian Audigier hoodies;

27. 48 counterfeit Ed Hardy hoodies;

28. 2 counterfeit Black Label hoodies;

29. 32 counterfeit True Religion hoodies;

30. 10 counterfeit G Unit hoodies;

31. 12 counterfeit True Religion shorts;

32. 85 counterfeit Juicy Couture hooded sweatshirts;

33. 22 counterfeit Steep Tech North Face jackets;

34. 23 pairs of counterfeit Baby Phat jeans;

35. 18 pairs of counterfeit Apple Bottom jeans;

36. 37 counterfeit Artful Dodger hooded sweatshirts;

37. 22 counterfeit North Face shirts;

38. 6 counterfeit Coogi shirts;

39. 3 counterfeit Burberry shirts;

40. 27 counterfeit Monarchy sweatshirts;

41. 52 pairs of counterfeit Remeter jeans;

42. 5 pairs of counterfeit Cult jeans;

43. 4 pairs of counterfeit Rock Revival jeans; and

44. 44 pairs of Antik Denim jeans,

(collectively the "Property") because it represents property involved in a violation of Title 18, United States Code, Sections 2320 and 2; and

**WHEREAS**, by virtue of the above, the United States is now entitled to all right, title and interest in the Property; and

**WHEREAS**, the Defendant, acknowledges that the Property represents property involved in trafficking of counterfeit goods in violation of Title 18, United States Code, Sections 2320 and 2 as set forth in the Information, and that the Property is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 2323(b)(1); and

**WHEREAS** the Defendant agrees to forfeit the Property, waives all interests in and claims to the Property, and hereby consents to the forfeiture of the Property to the United States; and

**WHEREAS** the Defendant:

(1) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the United States or the Court to complete the forfeiture and disposition of the Property;

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) Acknowledges that he understands that forfeiture of the Property will be part of the sentence imposed upon the Defendant in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(4) Will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the United States to do so;

(5) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, disposal, and destruction of the Property described above;

(6) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment; and

(7) Agrees to cooperate in resolving third-party claims in favor of the United States, and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the Property, namely

1. 173 pairs of counterfeit True Religion jeans;
2. 25 pairs of counterfeit Ed Hardy jeans;
3. 68 pairs of counterfeit Rock & Republic jeans;
4. 12 pairs of counterfeit of Laguna Beach jeans;
5. 57 pairs of counterfeit Robin's jeans;
6. 17 pairs of counterfeit MEK jeans;
7. 26 pairs of counterfeit Dolce & Gabbana jeans;
8. 10 pairs of counterfeit GF Ferre jeans;
9. 71 pairs of counterfeit of Diesel jeans;
10. 10 pairs of counterfeit Versace jeans;

11. 18 pairs of counterfeit Armani jeans;

12. 20 pairs of counterfeit Just Cavalli jeans;

13. 20 pairs of counterfeit 7 For All Mankind jeans;

14. 100 pairs of counterfeit Rocawear jeans;

15. 200 counterfeit LaCoste shirts;

16. 41 counterfeit Ed Hardy shirts;

17. 311 counterfeit Polo shirts;

18. 56 counterfeit Gucci shirts;

19. 24 counterfeit D&G shirts;

20. 15 counterfeit Christian Audigier shirts;

21. 37 counterfeit Affliction shirts;

22. 48 counterfeit SMET by Christian Audigier shirts;

23. 347 counterfeit NFL jerseys;

24. 5 counterfeit Enyce fleece sets;

25. 209 counterfeit North Face jackets;

26. 96 counterfeit Christian Audigier hoodies;

27. 48 counterfeit Ed Hardy hoodies;

28. 2 counterfeit Black Label hoodies;

29. 32 counterfeit True Religion hoodies;

30. 10 counterfeit G Unit hoodies;

31. 12 counterfeit True Religion shorts;

32. 85 counterfeit Juicy Couture hooded sweatshirts;

33. 22 counterfeit Steep Tech North Face jackets;

34. 23 pairs of counterfeit Baby Phat jeans;

35. 18 pairs of counterfeit Apple Bottom jeans;

6

36. 37 counterfeit Artful Dodger hooded sweatshirts;

37. 22 counterfeit North Face shirts;

38. 6 counterfeit Coogi shirts;

39. 3 counterfeit Burberry shirts;

40. 27 counterfeit Monarchy sweatshirts;

41. 52 pairs of counterfeit Remeter jeans;

42. 5 pairs of counterfeit Cult jeans;

43. 4 pairs of counterfeit Rock Revival jeans; and

44. 44 pairs of Antik Denim jeans,

is hereby forfeited to the United States pursuant to the provisions of Title 18, United States Code, Section 2323(b)(1); and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by Title 18, United States Code, Section **2323(b)(2)(A)** the United States shall publish notice of this Order and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the

petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT**, the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT**, the aforementioned forfeited Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT**, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the Property described above, if the Property or any portion thereof, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;

8

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**ORDERED** this ___23___ day of ___January___, 2012

_____
Honorable Noel L. Hillman
United States District Judge

The Undersigned hereby
consent to the entry and
form of this Order:

**FOR THE UNITED STATES OF AMERICA:**

PAUL J. FISHMAN
United States Attorney

_____    Dated: 1/23/12
MARGARET MAHONEY
Assistant United States Attorney

9

_____  Dated: 11/23/11
Attorney for Nasri Najjar

_____  Dated: 11-23-11
NASRI NAJJAR
Defendant